| **Adversary Proceeding Cover Sheet** | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| PLAINTIFFS<br>Holly Elizabeth Wilson | DEFENDANTS<br>LVNV Funding, LLC |
| ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NO.)<br>Roland S. Carlton, Jr., Esq.<br>CARLTON LEGAL SERVICES, PLC<br>118 MacTanly Place<br>Staunton, VA  24401        (540) 213-0547 | |

CAUSE OF ACTION (Write a brief statement of cause of action, including all U. S. Statutes involved)

Motion to Void Judgment Lien as Preference, 11 U.S.C. §522(h), 11 U.S.C. §547, 11 U.S.C. §550

### NATURE OF SUIT
(Check the one most appropriate box only)

- ☐ 424  To object or to revoke a discharge 11 U.S.C. §727
- ☐ 426  To determine the dischargeability of a debt  11 U.S.C.  §523
- ☐ 434  To obtain an injunction or other equitable relief
- ☒ 435  To Determine Validity, Priority or Extent of a Lien or Other Interest in Property
- ☐ 454  To Recover money or Property
- ☐ 455  To Revoke an order of confirmation of a Chap. 11 or Chapt. 13 Plan
- ☐ 456  To obtain a declaratory judgment relating to any of foregoing cause of action
- ☐ 457  To subordinate any allowed claim of interest except where such subordination is provided in a plan
- ☐ 458  To obtain approval for the sale both the interest of the estate and of a co-owner in property
- ☐ 459  To determine a claim or cause of action removed to a bankruptcy court
- ☐ 498  Other (specify)

### ORIGIN OF PROCEEDINGS
(Check one box only)

- ☒ 1. Original Proceeding
- ☐ 2. Removed Proceeding
- ☐ 3. Reinstated or Reopened
- ☐ 4 Transferred from Another Bankruptcy Court

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

| DEMAND<br>N/A | NEAREST THOUSAND<br>$.0.00 | OTHER RELIEF SOUGHT: To void judgment lien  as preference | ☐ JURY DEMAND |
|---|---|---|---|

### BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR(S)<br>Holly Elizabeth Wilson | BANKRUPTCY CASE NO.  23-50275 |
|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of Virginia | NAME OF JUDGE<br>Honorable Rebecca B Connelly, Judge |

DIVISIONAL OFFICE   Harrisonburg, Virginia

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

FILING FEE (Check one box only)    ☐ Fee attached        ☒ Fee Not Required        ☐ Fee is Deferred

| Date<br>11/30/2023 | Print Name<br>Roland S. Carlton, Jr. | Signature of Attorney (Or Plaintiff)<br>/s/ Roland S. Carlton, Jr. |
|---|---|---|

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | |
|---|---|
| IN RE: Holly Elizabeth Wilson<br>*Debtor(s)* | **MOTION TO RECOVER GARNISHED EMPLOYMENT INCOME AS A PREFERENCE** |
| HOLLY ELIZABETH WILSON<br>*Plaintiff/Debtor(s)* | Case number: 23-50275 |
| v.<br>LVNV FUNDING, LLC | Adversary No. _____ |
| Serve: LVNV FUNDING, LLC<br>c/o Corporation Service Company<br>100 Shockoe Slip, FL 2<br>Richmond, VA  23219-4100<br>*Defendant(s)* | |

COMES NOW the Plaintiff/Debtor, Holly Elizabeth Wilson, by counsel, pursuant to 11 U.S.C. §522(h), 11 U.S.C. §547, 11 U.S.C. §550, and Bankruptcy Rule 7001, and respectfully represents unto the Court as follows:

1. That this is a core proceeding and this Court has jurisdiction over this issue pursuant to 28 U.S.C. §157 and 11 U.S.C. §1334.

2. That, pursuant to the U.S. Supreme Court Decision in Stern v. Marshall, 131 S.Ct. 2594 (2011), Debtor(s) requests a final decision on the merits of this motion.

3. That Debtor filed a petition for relief under Chapter 13 of Title 11 of the United States Code on June 9, 2023.

4. That a chapter 13 plan has not yet been confirmed.

5. That, on March 24, 2023, your Defendant docketed an abstract of judgment which established a judicial lien against the Debtors residential real estate recorded in the Clerk's Office of the Circuit Court of the City of Staunton, Virginia, in judgment record number 230000223. Said abstract of judgment identified a judgment in the amount of Two Thousand, Three Hundred,

   Seven and 16/100 Dollars ($2,307.16) with additional interest, fees, and attorneys fees, and was entered by the General District Court of the City of Staunton, Virginia on July 23, 2021. A copy of the recorded judicial lien is attached as Exhibit 1.

6. Therefore, as required by 11 U.S.C. §522(g), the recording of the aforesaid abstract of judgment and establishment of a judicial lien against your Debtors' residential real estate is properly classified as a transfer of property from Debtors to Defendant creditor which was not voluntary by the Debtor.

7. Furthermore, as required by 11 U.S.C. §522(g), the Debtor did not conceal the existence of her residential real estate. The residential real estate is properly listed on the Debtor's Schedule A/B and Schedule C of the Debtor's bankruptcy petition. (See Exhibit 2 and Exhibit 3).

8. As required by 11 U.S.C. §522(h) and Va. Code §34-17, Debtor has already properly exempted the residential real estate by filing Schedule C with the bankruptcy court. Exhibit 3.

9. As required by 11 U.S.C. §522(h), the aforesaid judicial lien could have been avoided by the Trustee pursuant to 11 U.S.C. §547 because:

    a. the transfer was for the benefit of creditor ; and

    b. the transfer was for or on an account of an antecedent debt(judgment) owed by the Debtors before the transfer occurred; and

    c. the transfer was made while the debtor was insolvent (the debtor is presumed insolvent pursuant to 11 U.S.C. §547(f)); and

    d. the aforesaid recording of the abstract of judgment on March 24, 2023 occurred 84 days before the captioned bankruptcy petition was filed and was therefore within 90 days before the date of the filing of the bankruptcy petition on the date set forth above; and

  e.  the transfer enables defendant creditor to receive more than he would have received if

    i.  this case was filed under chapter 7 of the Bankruptcy Code; and

    ii.  the transfer had not been made; and

    iii.  had received payment on this debt to the extent provided by the provisions of bankruptcy law.

  f.  Debtor represents to the Court that none of the provisions of 11 U.S.C. §547(c) exist which would have prevented the Trustee to avoid the transfer of the garnished funds.

10. As required by 11 U.S.C. §522(h), the trustee has not attempted to avoid this transfer.

11. Therefore, the Debtors are entitled to avoid the aforesaid judicial lien.

WHEREFORE, Debtor prays that this Court enter an Order, pursuant to 11 U.S.C. §522(h) and 11 U.S.C. §550, which avoids the judicial lien against the Debtors recorded in the Clerk's Office of the Circuit Court of the City of Staunton, Virginia, in judgment record number 230000223 of a judgment in the amount of Two Thousand Three Hundred Seven and 16/100 Dollars ($2,307.16) with additional interest, fees, and attorneys fees, and was entered by the General District Court of the City of Staunton, Virginia on July 23, 2021; and for such other and further relief as the Court, in equity, deems appropriate.

                /s/ Roland S. Carlton, Jr
                Counsel

Roland S. Carlton, Jr, Esq.
Carlton Legal Services, P.L.C.
118 MacTanly Place
Staunton, VA   24401
(540) 213-0547
V.S.B. #34138